Ronald **GORDON**, Plaintiff,

v.

Nelson Bunker **HUNT**, et al., Defendants.

No. 82 Civ. 1318(MEL).

United States District Court, S.D. New York.

Nov. 24, 1982.

Herbert I. Deutsch, P.C., New York City, for plaintiff; Herbert I. Deutsch, Robert E. Frey, Richard L. Weingarten, New York City, of counsel.

Hughes Hubbard & Reed, New York City, Powell Pierpoint, George A. Davidson, Susan L. Thorner, Margaret G. King, New York City, of counsel; and Shank, Irwin,

---

Contant & Williamson, Dallas, Tex., Roger Goldburg, Roderic G. Steakley, Dallas, Tex., of counsel, for defendants Nelson Bunker Hunt and William Herbert Hunt.

Sullivan & Cromwell, New York City, for defendants Bache Group, Inc. and Bache Halsey Stuart Shields Inc.; Marvin Schwartz, Nadine Strossen, Richard H. Klapper, New York City, of counsel.

Rogers & Wells, New York City, for defendants Merrill Lynch, Pierce Fenner & Smith, Inc. and ACLI Intern. Commodity Services, Inc.; William R. Glendon, Susan A. Garcia, New York City, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants ContiCommodity Services, Inc. and ContiCapital Management, Inc.; Mark H. Alcott, Richard P. Friedman, Richard A. Rosen, New York City, of counsel.

Skadden, Arps, Slate, Meagher & Flom, New York City, for defendant Melvin Schnell; Michael H. Diamond, Erskine Henderson, New York City, of counsel.

Kirkland & Ellis, Chicago, Ill. and Townley & Updike, New York City, for defendant Board of Trade of the City of Chicago.

Baer, Marks & Upham, New York City, for defendant Commodity Exchange Inc.

LASKER, District Judge.

The Board of Trade of the City of Chicago and the Commodity Exchange, Inc. ("the exchanges") move pursuant to Fed.R. Civ.Pr. 12(e) for an order directing Ronald Gordon to file a more definite statement of his complaint.

Initially, the exchanges' primary contention was that the complaint failed to specify which of the counts are directed at the exchanges. In response, Gordon indicated that the only counts under which he seeks money damages from the exchanges are Count 5, which alleges violations of the Commodity Exchanges Act, and Count 7, which alleges common law fraud. (Plaintiff's Memorandum of Law in Response to Motion for a More Definite Statement at 1).

In reply, the exchanges assert that it is insufficient for Gordon merely to state in a memorandum of law that certain counts are not alleged against the exchanges. The exchanges ask that Gordon amend his pleadings in accordance with the representations in his brief. Furthermore, at oral argument, counsel for the exchanges requested the Court to deem the motion as being made pursuant to Fed.R.Civ.Pr. 9(b), which requires that fraud be pleaded with particularity. (Transcript of Oral Argument of August 19, 1982 at 10–11).

In the related case of *Minpeco S.A. v. ContiCommodity Services, Inc.,* 549 F.Supp. 857, we ruled that the act of "creating an artificial price, [which] 'lure[d plaintiff] into the market to [its] damage'" constituted fraud.

The exchanges are named as defendants in both *Minpeco* and *Gordon.* Both complaints charge that the actions of the exchanges were in part responsible for the creation of the "artificial price." The *Gordon* complaint alleges that "the improper conduct of the Comex and CBOT, *inter alia,* consisted of failing to take timely remedial action in the face of known dangers to investors, which included raising margins specifically directed against the concentrated long positions and failing to limit the amount of a long position to be held in the market." (Complaint ¶ 75).

The *Minpeco* complaint against the exchanges for fraud was dismissed without prejudice. The specific deficiency in the *Minpeco* complaint was the failure to allege that the exchanges' actions were taken with fraudulent intent. The *Minpeco* complaint alleged only that the exchanges failed to take actions which would have protected plaintiff from the fraudulent conduct of the remaining defendants.

The *Gordon* complaint is somewhat more specific. It alleges that "Comex and CBOT failed and refused to maintain an orderly market in the trading of silver futures because of their boards of directors' own self-interests." (Complaint ¶ 74).

However, although closer, the *Gordon* complaint still falls short of the mark in a critical respect. Our ruling in *Minpeco* was

that *conduct* which is *intended to deceive* may constitute fraud even in the absence of a *verbal* misrepresentation. The *Minpeco* ruling is not meant to imply that *any* conduct which results in a party's being misled is actionable as fraud. To the contrary, an intent to deceive is an essential element of the claim.

Gordon has not alleged that the exchanges acted with an intent to deceive him or persons in his position. The exchanges' motion to dismiss is therefore granted. If Gordon can, *in good faith,* make such an allegation, he may amend his complaint to do so within thirty days.[1]

It is so ordered.

---

1. In addition, the exchanges are correct in their contention that plaintiff should amend his complaint in accordance with his representation in his brief that he is alleging only certain claims against them. He is instructed to do so within thirty days.